May it please the Court, Your Honors, Counsel, good morning. My name is Dennis Lynch, along with Martin Keeley, I represent the Plaintiff Appellant Dana Bailey. Mr. Bailey brought this personal injury lawsuit in Cook County because he was injured while working for his Cook County employer through the negligence of Waste Management, a Cook County company, and its employees. It is well settled that the defendant bears the burden on a motion to transfer for nonconvenience, and that in order to justify transfer, they must show exceptional circumstances, strongly favoring transfer to another firm. Why don't you tell us what this case had to do with Cook County? Sure, Your Honor. A couple of factors, significant factors. First of all, Mr. Bailey was working for his Cook County employer, a motor carrier, at the time he was injured. That's probably good for venue. What does that have to do with the reform? Well, it gives Cook County an interest in the case. Mr. Baltz, Inc., is a Cook County carrier. That's who he was working for. In the Brown case, the appellate court considered that there was an employer located in Plaintiff's Chosen Forum as one of the factors. Another significant factor is that Waste Management's safety director, Rich Groschowski, lives in Cook County. He's a Cook County resident. He's responsible for safety for the entire Midwest group office of Waste Management, which includes all the facilities at issue. Additionally, there are identical Waste Management facilities to the ones at issue in Cook County. This court in Irwin identified a similar situation where the plaintiffs were injured in Texas and Arizona, but the company Motorola had identical facilities that would have suffered from the same problems here in Illinois. Again, the court considered that as giving Cook County a local interest in the matter. More generally, in terms of the forum nonconvenience analysis, Cook County certainly is the most convenient forum for all of the witnesses that have been identified. You have 26 witnesses, 8 of whom reside in Whiteside County. So I take it Whiteside County is a little more convenient for them than Cook County. Well, there's an issue as a preliminary matter as to how many of those witnesses are really going to be called. Of those 8 witnesses, Mr. Worsima only interviewed 2 of them to even see if they had information relevant to the lawsuit. So the suggestion certainly is that there would only be 3 Whiteside County witnesses that would be called to testify. You've got 18 more witnesses, by my count, all with the exception of 2 treating physicians and 1 waste management employee reside outside of Cook County. That is correct, but even including all the Whiteside County witnesses, of the 34 witnesses or sources of proof identified, 24 of those are in, closer to, or equidistant from Cook County, while only 10 of them are in or closer to Whiteside County. And as I mentioned before, really that 10 number I think is a 3, because you've got Worsima and the 2 individuals that he... Well, the defendants want to do that to you as well by saying you might not call all of your witnesses or all your medical providers. Well, that's certainly an issue they've raised. I don't think it has the same impact for a couple reasons. Number 1, there's nothing within the record that suggests those witnesses won't be necessary. In terms of, for instance, the Elburn Transfer witnesses, there were 4 witnesses identified from Elburn Transfer, the district manager and 3 other individuals. At least 2 out of those 3 other individuals were interviewed to see if they had information relevant to the lawsuit. So there's certainly a suggestion that those witnesses would be necessary. In terms of the medical treatment providers, I mean, it's not disputed at all. The most recent is Dr. Sitow, whose office is in adjacent Lake County, much closer to the Daly Center than to the Whiteside County Courthouse. And by Dr. Marra, who practices in Cook County. As well as Dr. Shea, another neurosurgeon at Loyola, also treated Mr. Bailey. I mean, I think there can really be no question that Dr. Marra and Dr. Sitow are going to be crucial damages witnesses. And they're both in or closer to Cook County. I know there's a suggestion as we're on that point, that the location of medical treatment providers is not given as much weight in some instances. And I don't think that's really the case here. The concern obviously is that plaintiff can choose his treatment provider, can choose a doctor who will be in a form that he finds more preferable. That's not the situation we have here, because Mr. Bailey was directed to Dr. Marra, Dr. Sitow, and Dr. Shea, by his Cook County employer as part of his workers' compensation plan. It wouldn't make any difference who directed him in terms of the weight that's given to whether those witnesses factor into the analysis. Does it make any difference whether he was directed or whether he chose them? I think it does, Your Honor, because when you look at the Bland case and the other cases that talk about not to give undue weight to that factor, the reason they give is because a plaintiff could go out and seek Cook County doctors in order to fix for him in Cook County. And that's just not the situation we have here. He was directed to those doctors by his Cook County employer. He didn't choose those surgeons. And so it's certainly not a situation where he went out and picked a doctor so that he could receive treatment and then try to fix for him in Cook County. He was directed there. That's the situation we're dealt with. And so I don't think it's a factor that should be given less weight. More recently, the most recent Supreme Court case on the topic, Fennell, gave the medical treatment providers equal weight as any other witnesses. They were located in defendant's chosen forum. So I think in this case, the location of the medical treatment and particularly the two surgeons, Dr. Sitow and Dr. Marra, is an important factor that weighs in favor of Plaintiff. Another issue that I think really, although none of the factors strongly favor transfer to Whiteside County, I think an issue that the trial court erred on is in giving weight to the affidavit of inconvenience of Mr. Wersima and in not considering that affidavits of inconvenience were not supplied by any other defense witness. So there's a long line of cases, including Langenhorst, that- You don't really believe that Whiteside County has an insignificant relationship to this event, do you? I don't, Your Honor. No, certainly Whiteside County would be an appropriate forum. But it's the plaintiff who has a substantial interest in choosing the forum in which his rights will be- He doesn't have a substantial. He has less deference because he's not a resident of Cook County. He has less deference. He has some deference. Right. But certainly not the deference he would have if he were a resident of Cook County. Certainly. It's not significant. It's some. Well, but it's still, it's some deference given to him. And the case talk, always talk about the plaintiff being the one that has an interest in choosing the forum where his rights will be adjudicated. And when we look at, again, when we look at the Fennell case, they talk about that was an interstate transfer. And they talk about if Illinois had any interest, any practical interest in this litigation, then it would have an interest in providing a forum for the lawsuit. Of course, the Doubting Court wouldn't have seen it the same way, would they? I don't know about, well, I think fractions of the court would. They are the same court, but they seem to be sending very, very strange messages to us, depending on who the authors of these opinions are. Well, I think certainly if you look at Langenhorst and you look at Fennell, there is a lot of consistency. And Fennell obviously was a case with very extreme facts. And actually that some of the extreme facts in Fennell run through a lot of the other cases in which transfer is either upheld or ordered by this court. And that is that you have a plaintiff who is a resident of the forum that defendant wants to transfer the case to, which we do not have here. He is a Winnebago County resident. He's not a Whiteside County resident. You have an accident occurring in that forum, as well as the plaintiff in Fennell, as well as most of those cases. And you have concerns over either the compulsory process to obtain witness testimony, as they did in Fennell. There were multiple witnesses in Mississippi, the vast majority of witnesses in Mississippi, that the parties would not be able to subpoena for trial in Illinois. Or you have a concern, which I don't think was explicitly raised in Fennell, but has been raised in a lot of the cases where transfer was allowed, that the forum would be, that the local court would be applying the law of a foreign jurisdiction. And you simply don't have those factors in this case. And so when you look at kind of the common themes in the cases, you know, this case doesn't fall under those parameters. There's witnesses that are scattered throughout multiple counties in northern Illinois, most of which are adjacent to Cook County. DuPage, Lake, Kendall, Kane. Witnesses in Winnebago. Witnesses in Whiteside County, obviously. And no one county predominates. And in Langenhorst and in a host of other cases, the court has always recognized that there is an abuse of discretion in transferring a case if witnesses are scattered among multiple counties with no, with no one location predominating. And I think that's a factor we certainly have in this case where, again, of the, if we look at it as 34 witnesses, 24 of them are in or closer to Cook County. And those 10 witnesses, really only three have been identified as potentially having relevant information to the case. But I think to back up a little bit, when we talk about does Whiteside interest have, does Whiteside County have an interest in resolving the case, certainly they have an interest. And more often than not, the proposed forum will have an interest in resolving the case. But, you know, most recently this court endowed, earlier in 2002 in Chung, the court addressed that factor pretty succinctly when they talked about it. Certainly that forum has an interest, but Cook County has an interest as well. And the burden to transfer for forum nonconvenience is a very high one. And that is to show factors strongly favoring transfer. And so when we talk about both counties having an interest, that doesn't mean that the case automatically gets transferred as long as Cook County. You don't suggest that Cook County has a significant interest as Whiteside, do you? I do. Why? I do. Because you've got a couple of factors. You've got Mr. Bailey was working for his Cook County employer, a non-party NBI, at the time of the accident. You have identical... So? Well, that was identified in brown as a factor that can be considered that this affects this employer. That's fairly significant, but go ahead. Well, I guess, Your Honor, I don't know that each factor on its own needs to be significant, but when you add... When you add them all up, they better be significant. And I think they are. When you talk about a Cook County employer, its employee being injured as a result of the conduct of a defendant who has a registered agent in Cook County, a defendant with a... Most corporations do have registered agents in Cook County, and that's a great venue factor. I'm not sure it's a big deal on foreign non-convenience. Well, it was certainly discussed in Lincoln Horst, and it wasn't discussed at all in Fennel. I mean, there's nothing to indicate in Fennel that the defendant did have a registered agent in St. Clair County. Well, if there was a significant factor, you could probably fix venue against any corporation that does business in the state of Illinois, in Cook County, because the majority of their registered agents are in Chicago. Certainly, but I guess two things, Your Honor. One, that's a choice the corporation makes, but two, again, in isolation... How is it significant? In isolation, it may not be significant... Your allegations of negligence against waste management are improper loading of the truck? There's three separate theories, basically. One is that waste management on a corporate level as a whole didn't have a system in place to make sure that trucks were fully loaded. So sometimes trucks would be overloaded, sometimes they'd be underloaded. Waste management on a corporate level is responsible for regulating that system so that they have enough or not too much material at any given time. Secondly, the allegation which goes to the Elburn Transfer Facility is that they actually underloaded Mr. Bailey's truck in this instance. And that took place where? That's Elburn Transfer in King County. In King County? Right. And then third, we have the negligence that did occur in Whiteside County at the Morrison location where there's no tarping or unloading platform provided, that there's no fall protection provided, no assistance, and that results in a situation, if the truck's underloaded, when Mr. Bailey goes to unload his truck and untarp it, he needs to actually crawl around kind of the rails of the dump portion of the truck to unload it. So the citizens of Whiteside County are going to be real concerned that this doesn't happen to anyone else within their borders, aren't they? Well, citizens of Whiteside County can have that concern, but so too can citizens of Cook County because identical facilities are located here in Cook County, seven of them. Is that concern greater than the citizens of Whiteside County under the facts of this case? I think it is because there's more facilities located in Cook County than Whiteside County, for one. Waste management has more facilities here. Also, when we talk about the issue of regulating the activity of waste management, that's certainly something that's done on a higher, on a corporate level that would be done by a Cook County resident, Mr. Kochowski. So I think Cook County does have that interest because, and has that strong interest, because there are those identical facilities here in Cook County. And certainly, if waste management is found liable because of the failure to have fall protection in place or any of these other failures, you know, the failure to load properly, the failure to warn the driver that he's not loaded properly, that is going to affect the facilities they have here in Cook County. I mean, it's certainly not going to only affect the facilities in Whiteside County. And so again, when we look at Dowd, when we look at Chung, the question is not, does that proposed forum have an interest? It's, is there a sufficient interest in Cook County? And again... Counsel, thank you. We'll give you some rebuttal. Thank you, Your Honor. Counsel? Good morning, Your Honors. May it please the Court. Counsel. My name is Garrett Boehm. I'm here on behalf of the defendants. I'm struck by, within my standard of view once. And I think it's very important to discuss the standard of view and how it applies to this case. The standard of view, of course, being... You anticipated my question, Counsel. ...is an abuse of discretion standard. Within that abuse of discretion standard, it's not whether this Court would have balanced the various factors, private and public, differently than the trial court Judge Kathy Flanagan. It's whether or not that Court finds that there is no other reasonable person that would have ruled the same way as Judge Flanagan did. And as stated, the question facing this Court could also be looked at like this. Could no reasonable person take the view that the trial should occur in the accident site? Do you actually think that no other reasonable person could have decided Dowdy at the trial level the way it was decided? You know, this abuse of discretion standard that we have in forum nonconvenience is degenerated to whether we would have done it the same way. It isn't viewed the way abuse of discretion is viewed everywhere else. Other than the rule of thumb that if you refuse to transfer venue outside of St. Clair or Madison County, it's prima facie error. And if you grant the forum nonconvenience in any other county, that's for prima facie error. I mean, come on. We know what the standard of review is. The question is how is the standard viewed? Well, I think you're, I wrote down a quote from the first national versus green case that really goes to what your Honor is talking about, and that's that the forum nonconvenience law is admittedly not clear. That's from the Supreme Court of Illinois. That's putting it mildly. I'm sorry. I said that's putting it mildly. Yeah. It's my effort today to try and bring some clarity to the degree that I can. Now, I say that, and I look at our briefs, and we cited over 60 cases. And I will apologize for that, because really that's not all that helpful. And I would suggest that those cases that are helpful for this Court to decide how you should rule today is looking at those cases in which a forum nonconvenience case was granted and then either affirmed or reversed. There's actually very few of those. There is one that was mentioned by opposing counsel very briefly, and that is the Chung case. That case involved a forum nonconvenience case being granted and then reversed. Well, that was a medical malpractice case, and it just so happened that there were four surgeries that took place in Cook County, the forum from which the case had been transferred. The Court looked at that and said, no, those treaters in Cook County are entitled to additional weight as a medical malpractice case. So the transfer was incorrect. Another case that involved a motion for forum nonconvenience being granted and then reversed is the Green case, the first national versus Green case. In that case, the plaintiff filed in Cook where the defendant individual resided. So that's a much different scenario than is foreign to Cook, Winnebago County resident, filed in Cook where there are no individual defendants that reside there. The individual defendant resides in Whiteside County. That was also a product liability case. One about the fact that your comment made at this point, you know, these witnesses are scattered all over. So what difference, why is Whiteside County more appropriate? I mean, you have to travel from Arkansas, from various states, and your opponent made a point that it's easier to fly into Cook County than to fly to Whiteside County if you're talking about other state witnesses. And some of the witnesses live in Lake County, but that's actually closer to the Daly Center than to Courthouse in Whiteside County. What about that? I mean, just talking about the counties where these people live isn't really useful. I mean, if you're looking at the distance and the convenience factor, when you're looking at the factors, if you're looking at convenience, the county, the location of the county is a little different from the distance to the courthouse. I should have, stepping back just a second, I should have added that the cases that I think are relevant to this court are those in which the form of nonconvenience was granted and then reversed or affirmed, and also involving where witnesses were in many different counties. And there are, as in all form of nonconvenience in this field, there are cases all over the place. There was not a calculus that was done in this case to say, well, taken all together, the witnesses are 3.2 miles closer to Whiteside than they are to Cook. But what we do have is where we have eight witnesses here, one being a party that is in Whiteside County. And I would say that they, then Whiteside County has the predominance factor in its favor as far as the number of witnesses are concerned. With respect to some of the witnesses, you're calling in their brief talk about the distance from where the witnesses, the important witnesses were to the Daly Center versus Whiteside County. So there was some analysis of distances. Right. It just wasn't very specific. When you look at Winnebago County, it's about equidistant to Whiteside and Cook County. There are witnesses that were in Kane and Kendall. Distance-wise, it might be a little bit closer to Cook, and I'm not going to fight about that. Was your burden to establish the satisfaction of the trial court that the plaintiff's chosen forum was inconvenient to the defendants and that your forum was a more convenient place? How did you do that? Why is Whiteside County more convenient than Cook? Certainly not to waste money. Applying all the factors. The first factor being maybe the most salient, I would suggest, is that the situs of the accident is in Whiteside County. That gives Whiteside County a local interest, and I think that's an overriding local interest, much more than an interest that Cook County may have. Now, opposing counsel suggests that there are facilities in Cook County that are the same. Well, that's not the case. There are no municipal solid waste landfills in Cook County. This accident took place at a municipal solid waste landfill, and it involves different vehicles that are present at a transfer station. So the situation surrounding the unloading of this vehicle, it doesn't occur in Cook County. That occurs in places like Whiteside County. So they aren't interchangeable. The other issues that we looked at that Judge Flanagan ruled upon were the ease of the accesses to proof, and she looked at all of the witnesses and decided in her discretion that all things considered, it was easier to have the witnesses for trial in Whiteside County than it was in Cook County. And she looked at the cost of bringing witnesses to Cook versus Whiteside. And, you know, simply based upon... How did she look at the cost? Well, and I wanted to discuss that, and I think really it's just a matter of... Specifically just the cost of bringing witnesses to trial. It's in 705 ILCS 35-4.3. It's witness fees, and it's 20 cents per mile each way for necessary travel. And you're going to have many more witnesses coming from Whiteside going to Cook than there would be Cook going to Whiteside. So it's just simple arithmetic, I think, at the end of the day. The judge also looked at the possibility of the jury viewing the premises. A Cook County jury is not going to go to Whiteside, but a Whiteside jury has the possibility, and that's really the question, the possibility of looking at the situs of the accident. So Judge Flanagan put all of those factors together, and she did it in a very orderly manner, and in a six-page opinion. And I would suggest that there really is no way to say that there is no... That that was completely unreasonable. And based upon that, I would ask for this Court to affirm. Thank you. Your Honor, there was obviously a question as to the standard of review being abuse of discretion. And obviously that's present in our briefs. But, you know, one of the most recent cases out of this Court is Coss, Coss Court. And that is a case where this Court did find an abuse of discretion from Judge Taylor, Judge Taylor's ruling in allowing a transfer. And they did find that no reasonable person would agree with the trial court. And obviously on the flip side, in Fennell, there was a reversal of the trial court's discretion. So certainly abuse of discretion is deferential, but the burden for form nonconvenience is very high as well. And so I think when we look at those two factors, the defendants in this case did not meet their burden. But along those lines, to get a little bit more specific, you know, one of the findings of the trial court was that the witnesses from Elburn Transfer lived a bit closer to Cook County than to Whiteside County. Well, when we look at the facts, we've got two witnesses who lived, pardon me, twice as close to Cook County as they do to Whiteside County. One witness who was 30 miles closer to Cook County than Whiteside County. And another witness who was 20 miles closer to Cook County than Whiteside County. That is not a bit closer, and that is not within the trial court's discretion. So there are certainly errors within the analysis that lead to an abuse of discretion. Justice, you asked a question about the costs of the witnesses, and counsel cited the subpoena statute in response. The problem with that in this case is those Whiteside County witnesses, the three or even if you call it eight that will be called, are not going to be subpoenaed witnesses. These are employees of the defendant who will testify at trial as ordered by their employer. There's no issue of an increased cost in bringing them to testify because of the subpoena statute anyways. So that is certainly not a basis, and there was indeed no evidence in the record as to additional costs. And that leads me finally to a point that I began to make earlier, and that comes to the area of affidavits of inconvenience. There was one affidavit of inconvenience in this case. It came from a defendant. It did come from a defendant, but there was no explanation given to why it would be inconvenient. I mean, he gives his home address, he gives his business address, but there's no explanation. He lives in Morris. But that factor alone does not mean that the trial is going to be inconvenient. I mean, that affidavit doesn't add anything to the court's analysis, which is the way to weigh the sufficiency of an affidavit. But I think more importantly is the fact that there aren't any affidavits from any other witness from the defense, especially before... Well, perhaps in addition to, as Justice Hoffman said, the abuse of discretion standard has kind of disintegrated in these cases, the issue about the affidavits may have disintegrated, too, under costs. Costs, which you like to cite, has said that the affidavits perhaps aren't necessary, or that they don't need the same kind of detail as a summary judgment affidavit. And they certainly don't need the same amount of detail as a summary judgment affidavit. That's explicit in costs. And costs says they are not, again, they are not the critical factor. So a trial judge cannot deny a motion simply because there's not an affidavit. But I think that's kind of the problem where this case developed, is we look at the factors, and there's this attempt to break the factors down individually and say, well, that doesn't weigh this much or this doesn't weigh that much. But when you look at them all together, there are a lot of factors favoring Cook County, which isn't even the standard. The standard is really whether the factors strongly favor transfer. So it's really the totality of the circumstances here that have to be looked at. But I think when we talk about witnesses who aren't likely going to be called that are out in Whiteside County, and we talk about witnesses that likely will be called in Kane and Kendall County, who live much closer to Cook County and who didn't supply affidavits of inconvenience, I think that's an important factor to be discussed. And again, getting back to the abuse of discretion, those are issues that were advanced by the plaintiff and not ruled on by the trial court. Your Honors, unless there are any other questions, I would ask that you do reverse the ruling granting transfer. I just have one question. 34. You referred to 34. How did you get to 34 witnesses? 34, that's all of the fact witnesses identified as well as the medical eyewitnesses identified, and then his employer, MBI, is in Cook County. The workers' comp administrator, Bryn Mawr, is in DuPage County neighboring. And that gets up to 34 total. Now that's, again, the 34 figure assumes 10 witnesses in or closer to Whiteside County when Mr. Wersma only interviewed two of those witnesses to even see if they had information that would be relevant to the answers to interrogatories. So I think really the number we're looking at is 27. And 24 of those witnesses are in closer to or equidistant from Cook County. And obviously the issue of equidistant kind of gets thrown around. When we talk about factors strongly favoring transfer, I don't think that equidistant can strongly favor transfer. Does that answer your question, Your Honor? Thank you.